IN THE COURT OF COMMON PLEAS
IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION

Shawn R. Lorentz,                       Case No. AR13-
    Plaintiff,

      v.

Shapiro Law Office, PC,
    Defendant.

TYPE OF PLEADING:

**COMPLAINT IN CIVIL ACTION**

FILED UPON BEHALF OF:
Shawn R. Lorentz,
Plaintiff

COUNSEL OF RECORD
FOR THIS PARTY:

Clayton S. Morrow, Esquire
PA. I.D. 53521

Jury Trial Demanded if Removed
or Appealed

Morrow & Artim, PC
7th Floor Mitchell Building
304 Ross Street
Pittsburgh, PA 15219

Telephone (412) 281-1250
Direct (412)209-0656
clay@pacreditcardlaw.com
www.PaCreditCardLaw.com



EXHIBIT "A"

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION
CIVIL DIVISION

Shawn R. Lorentz,            Case No. AR13-
   Plaintiff,

v.

Shapiro Law Office, PC,
   Defendant.

### NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objection to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-6555

## HEARING NOTICE

*YOU HAVE BEEN SUED IN COURT. The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in Room 702 of the Allegheny County City-County Building, 7th Floor, 414 Grant Street, Pittsburgh, Pennsylvania, 15219 on _____, 201\_\_\_\_ at 9:00 A.M. IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING.*

### DUTY TO APPEAR AT ARBITRATION HEARING

*If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.*

NOTICE: *You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing.*

*If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.*

IN THE COURT OF COMMON PLEAS
OF ALLEGHENY COUNTY, PENNSYLVANIA
CIVIL DIVISION
CIVIL DIVISION

Shawn R. Lorentz,            Case No. AR13-
   Plaintiff,

       v.

Shapiro Law Office, PC,
   Defendant.

## COMPLAINT
### INTRODUCTION/NATURE OF ACTION

1. This action arises out of illegal acts and omissions of the above-named defendant, who used false, deceptive, misleading, unfair, abusive, and oppressive practices and means in conjunction with attempts to collect an alleged debt or debts and thereby violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA"). Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.

### VENUE

2. Venue is proper in this County because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business within this County.

### PARTIES

3. Plaintiff, Shawn R. Lorentz, ("Plaintiff" or "Lorentz") is a natural person who resides in the Allegheny County, Pennsylvania. Because Lorentz was allegedly obligated to pay a debt that is the subject of this case that was primarily for family, personal or

household purposes, she is a consumer within the meaning of

FDCPA, 15 U.S.C. § 1692a(3).
FDCPA, 15 U.S.C. § 1692a(3).

4. Defendant Shapiro Law Office, PC, (hereinafter referred to as "Shapiro Law Office"), is upon information or belief a corporation who operates a collection law firm with an address of 712 Darby Road, Havertown, Pennsylvania 19083 (Montgomery County).

5. At all times relevant to this Complaint, Defendant Shapiro Law Office, PC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant, at all times relevant hereto, was a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another, and/or who, in the process of collecting its own debts, used a name other than its own which would indicate that a third person was collecting or attempting to collect such debts. Based on said activity or activities, Defendant was at all times relevant a debt collector within the meaning of FDCPA, 15 U.S.C. § 1692a (6).

## FACTUAL ALLEGATIONS

7. Mr. Lorentz allegedly incurred a financial obligation purportedly with Sears, Roebuck and Company that was primarily for personal,

family or household purposes and is therefore a "debt" as that term

is defined by 15 U.S.C. § 1692a(5).
is defined by 15 U.S.C. § 1692a(5).

8. On January 24, 2001 a Notice of District Justice judgment was filed against Mr. Lorentz in the Court of Common Pleas of Allegheny County at Case Number GD01-001341 by attorney Paul Ressler with regards to a claim by Sears Roebuck & Company (herein "Collection Action").

9. Subsequent thereto a new collection attorney took over the collection account of Ms. Hinkle. The new collection attorney is the defendant herein, Shapiro Law Office, P.C. and its principal attorney Kenneth S. Shapiro.

10. It is believed and therefore averred that the current creditor is not Sear Roebuck and Company. Defendant has failed to provide the name of the current creditor. It is believed and therefore averred that the current creditor is not Sear Roebuck and Company. It is believed that the current creditor is Resurgent Capital Services or some other related company under the Sherman Companies.

11. On June 25, 2013 a letter was sent by the Defendant Shapiro Law Offices, PC to Mr. Lorentz that was sent to attempt to comply with the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p. Attached hereto as Exhibit "A" is a true and correct copy of the collection letter. Defendant has failed to provide the name of neither the current creditor nor the amount of the debt.

12. The contact by Shapiro Law Office was made in an attempt to collect a consumer debt allegedly owed by Mr. Lorentz and said collection attempts continued after June 2013.

13. In all the correspondences sent to Mr. Lorentz by Defendant Shapiro Law Office, it failed to comply with FDCPA 1692g(a).

14. 1692g(a) states:

> § 809. Validation of debts 15 USC 1692g
>
> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15. The Collection Letter failed to provide the amount of the debt in violation of 1692g(a)(1). See *Miller v McCalla, Raymer, Padrick, Cobb, Nichols and Clark, LLC* 214 F.3d 872 (7th Cir. 2000).

16. The Collection Letter failed to provide the name of the creditor to

whom the debt is owed in violation of 1692g(a)(2). See *Weiss v Zwicker*, 664 F.Supp. 2d 214 (E.D NY 2009).
Zwicker, 664 F.Supp. 2d 214 (E.D.NY 2009).

17. The entity to which a debtor owes money and the amount of the money potentially affects the debtor in the most basic ways, such as to whom the debt should pay and how much.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et. seq.

18. Plaintiff incorporates by reference the above captioned paragraphs of this Complaint as though fully set forth herein.

19. Defendant violated the FDCPA by failing to provide Mr. Lorentz with the statutory notice required by 15 U.S.C. §1692g(a).

20. The failure to identify the current creditor is also an unfair and deceptive to the least sophisticated consumer and a violation of 1692e and 1692f of the FDCPA.

21. The FDCPA's statutory notice requirement is "to be interpreted from the perspective of the 'least sophisticated debtor.'" *Wilson v. Quadramed*, 225 F.3d 350, 354 (quoting *Graziano*, 950 F.2d at 111); see also *Caprio v. Healthcare Revenue Recovery, LLC*, 709 F.3d 142, 149 (3d Cir. 2013).

22. As a result of the foregoing violations of the FDCPA, Defendant is liable to Mr. Lorentz for actual damages, statutory damages, attorney's fees and costs in accordance with 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Shawn R. Lorentz, prays that judgment be entered against the Defendant for an amount less than Thirty-Five entered against the Defendant for an amount less than Thirty-Five Thousand Dollars so long as the case remains in state court Arbitration for the following:

(1) Actual damages;

(2) Statutory damages in the amount of $1,000.00;

(3) Reasonable attorney's fees and costs;

(4) Declaratory judgment that the Defendant's conduct violated the FDCPA; and

(5) Such other and further relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL UPON APPEAL OR REMOVAL

Plaintiff demands an amount not in excess of Arbitration Limits.

Respectfully submitted,

Clayton S. Morrow
Attorney for Plaintiff

**MORROW & ARTIM, PC**
Clayton S. Morrow, Esquire
PA I.D. 53521
304 Ross Street
Mitchell Building, 7th Floor
Pittsburgh, PA 15219
(412) 281-1250
Direct Line (412) 209-0656
clay@PaCreditCardLaw.com

## SHAPIRO LAW OFFICE, P.C.
712 Darby Road
P.O. Box 20
Havertown, PA 19083
Havertown, PA 19083
(610) 668-9797
Fax (610) 668-1815

June 25, 2013

File No. ES382/4183M0575
Pennsylvania Judgment- Docket#GD-01-001341

Shaun R. Lorentz
1311 Villawood Av Fl#2
Pittsburgh, PA 15227

RE: Creditor: Sears Roebuck And Company
    Debtor: Shaun R. Lorentz

Dear Shaun R. Lorentz,

Sears Roebuck And Company as successor-in-interest to Sears, has retained this firm to collect the judgment of Sears Roebuck And Company, plus costs and statutory interest, that you no w owe to Sears Roebuck And Company. You should direct all future communications regarding this matter to my attention at the above address and telephone number.

The account is overdue. Payment in full is hereby requested. You have not paid the balance due and are in default of your obligation.

Please contact this office within thirty (30) days of the receipt of this letter to make arrangements for payment of the above debt. Monthly payments are acceptable. We only ask that you remember this debt each month when you pay your other bills.

If we do not hear from you within thirty days, we may proceed with all actions of law to enforce collection of the balance due, without further demand.

Very truly yours,

Thomas W. Smith, Esq.
For the Firm

IF YOU DO NOT DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT WITHIN 30 DAYS AFTER RECEIPT OF THIS LETTER, WE WILL ASSUME IT IS VALID. IF YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION OF IT IN WRITING WITHIN THE 30 DAYS, WE WILL MAIL VERIFICATION OF THE DEBT TO YOU OR A COPY OF THE JUDGMENT IN THE ABOVE MATTER, AT YOUR WRITTEN REQUEST, WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT CREDITOR. THIS LETTER AND ANY FUTURE LETTERS FROM OUR DEBT COLLECTION FIRM ARE AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## VERIFICATION

I, Shawn R. Lorentz, aver that I am the Plaintiff in this action and that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

Shawn R. Lorentz